UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elena Valerevna LIGAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.    19-cv-4953 |
| ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT and U.S. CUSTOMS ) | |
| AND BORDER PROTECTION, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

## Introduction

On February 6, 2018, ICE and CBP detained Ms. Ligay after concluding that she was an applicant for admission, also known as an "arriving alien," who was inadmissible because she obtained her lawful resident status by fraud, and was thus ineligible for release from ICE custody. Even after being informed of precedent decisions to the contrary, ICE continued to hold Ms. Ligay in custody owing to its insistence that Ms. Ligay was an arriving alien as it classified her in its charging document placing her in removal proceedings. It was not until an Immigration Judge ordered her release on March 7, 2018 that ICE finally released her. During her period of ICE detention, Ms. Ligay suffered loss of income and extreme emotional distress that interfered with her concentration and studies for the U.S. Medical Licensing Exam (USMLE).

This is an action for false imprisonment and negligent and intentional infliction of emotional distress filed against U.S. Immigration and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP) under the Federal Tort Claims Act (FTCA).

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to: 28 U.S.C. §§ 1331 (federal question jurisdiction); 1346(a)(2) (United States as a defendant); and 2674 (FTCA).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e). The Plaintiff resides in Cook County, Illinois, which is located within this District.

## The Parties

3. Plaintiff Elena Valerevna Ligay is a citizen of Uzbekistan and a lawful permanent resident of the United States.

4. Defendant U.S. Immigration and Customs Enforcement is the U.S. government agency that arrests and detains foreign nationals deemed subject to removal from the United States and commences removal proceedings against such foreign nationals.

5. Defendant U.S. Customs and Border Protection is the U.S. government agency responsible for the inspection of foreign nationals at U.S. ports of entry and for determining whether a foreign national is admissible to the United States. CBP places foreign nationals in removal proceedings and arrests and detains those whom it determines are subject to such proceedings.

## Statement of the Facts

### Elena Ligay's U.S. Immigration History and Family Background

6. Elena Ligay married U.S. citizen Michael Revell on February 23, 2017.

7. Mr. Revell filed an immigrant visa petition for Ms. Ligay and, based on this petition, the Department of Homeland Security's U.S. Citizenship and Immigration Services interviewed the couple and approved Ms. Ligay's application for lawful permanent residence in the United States.

8. On February 6, 2018, Ms. Ligay was returning to the United States after a visit to Uzbekistan of under 60 days.

9. When Ms. Ligay presented herself for admission, officers with U.S. Customs and Border Protection (CBP) at Chicago-O'Hare International Airport questioned her about her marriage to and relationship with Mr. Revell.

10. CBP officers suspected that her marriage to Mr. Revell was fraudulent and detained her on this basis.

11. They also decided that, for the same reason, she was an "arriving alien."

12. After detaining Ms. Ligay, CBP transferred her to ICE custody to await her removal proceedings.

13. CBP and ICE confiscated her permanent resident card and passport.

### ICE's Detention of Ms. Ligay

14. ICE detained Ms. Ligay at its Pulaski County Detention Facility and at the McHenry County Jail pending her removal proceedings.

15. On February 13, 2018, counsel, retained by her husband Mr. Revell, contacted ICE Assistant Field Office Director and detention supervisor Brian Rathnow, requesting that ICE release Ms. Ligay because CBP and ICE had not properly charged her as an arriving alien or an applicant for admission.

16. Mr. Rathnow informed counsel that ICE would continue Ms. Ligay's detention without bond because she obtained her permanent residence through fraud, but that he would ask ICE Officer Edgar Del Rivero to review the file again.

17. Mr. Del Rivero called counsel to state that ICE would continue to hold Ms. Ligay without bond because she was an applicant for admission.

18. On February 26, 2018, counsel filed a written request with ICE's Chicago Field Office to release Ms. Ligay or to set a bond for her on the ground that, as a returning lawful permanent resident, she was not an applicant for admission and therefore was eligible for release pending her removal proceedings. The request cited *Matter of Pena*, 26 I&N Dec. 613 (BIA 2015) and explained again why Ms. Ligay was eligible for release.

19. The following day, ICE Officer Landmeier refused this request. At no point did CBP or ICE revise its classification of Ms. Ligay as an applicant for admission.

**Ms. Ligay's Bond Determination Hearing in Chicago Immigration Court**

20. On March 7, 2018, Immigration Judge Kathryn DeAngelis concluded that Ms. Ligay was not an applicant for admission and was eligible for a bond.

21. ICE's attorney also agreed that Ms. Ligay was eligible for bond, did not reserve appeal of the judge's decision, and commented that she had recently seen a number of cases where ICE misclassified returning lawful permanent residents as applicants for admission.

22. Judge DeAngelis set a bond of $1,500, and ICE released Ms. Ligay on March 8, 2018.

### Ms. Ligay's Claims for Damages Against ICE and CBP

23. On June 21, 2018, Ms. Ligay filed a claim for damages against ICE based on her detention, arguing that she was never an arriving alien under the Immigration and Nationality Act, so ICE's detention of her on that basis was unlawful.

24. On the same day, she filed a claim for damages on the same basis against CBP.

25. ICE denied Ms. Ligay's claim by letter dated February 1, 2019.

26. CBP has not responded to Ms. Ligay's claim.

### Statutory Scheme under the Immigration and Nationality Act

27. The INA classifies certain applicants for admission to the United States as "arriving aliens," who are subject to mandatory detention and are ineligible for release on bond. 8 U.S.C. §§ 1101(a)(4), 1225(b)(2)(A); 8 C.F.R. §§ 1.2; 1001.1(q); *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

28. The Immigration and Nationality Act (INA) states that lawful permanent residents ("LPRs") returning to the United States after a trip are not applicants for admission unless they fall into one of several specific exceptions. 8 U.S.C. § 1101(a)(13)(C).

29. Those exceptions are where the LPR: (1) has abandoned or relinquished that status; (2) has been absent for a continuous period of more than 180 days; (3) has engaged in illegal activity after departing the United States; (4) has

5

departed the United States while under legal process seeking removal of the alien from the United States, including removal proceedings and extradition proceedings; (5) has committed an offense identified in 8 U.S.C. § 1182(a)(2) (crimes that make a foreign national inadmissible to the United States), or (6) is attempting to enter or has entered the United States without inspection. *Id*.

30. A foreign national who is not an applicant for admission is eligible for bond when placed in removal proceedings in the absence of specific criminal history. 8 U.S.C. §§1225(b)(2)(A), 1226(a)

31. The Board of Immigration Appeals decided that returning permanent residents whom CBP or ICE suspects obtained their resident status by fraud are not applicants for admission or arriving aliens. *Matter of Pena*, 26 I&N Dec. 613 (BIA 2015).

## Causes of Action

### I. Federal Tort Claims Act Against ICE

32. Ms. Ligay, as a returning lawful permanent resident not subject to any of the exceptions in 8 U.S.C. § 1101(a)(13)(C), was not an applicant for admission when she presented herself for inspection at O'Hare International Airport on February 6, 2018.

33. Therefore, she was not subject to mandatory detention when CBP placed her in removal proceedings and was eligible for release on recognizance or on a bond.

34. ICE, by continuing to detain her and refusing to release her or issue a bond, unlawfully restrained Ms. Ligay's personal liberty against her will, which constitutes the tort of false imprisonment under Illinois law.

35. Ms. Ligay suffered extreme emotional distress because of her false imprisonment by ICE. Thus, ICE also committed the Illinois torts of intentional and negligent infliction of emotional distress.

## II. Federal Tort Claims Act Against CBP

36. Ms. Ligay, as a returning lawful permanent resident not subject to any of the exceptions in 8 U.S.C. § 1101(a)(13)(C), was not an applicant for admission when she presented herself for inspection at O'Hare International Airport on February 6, 2018.

37. Therefore, she was not subject to mandatory detention when CBP placed her in removal proceedings and was eligible for release.

38. CBP, by detaining her without bond, unlawfully restrained Ms. Ligay's personal liberty against her will, which constitutes the tort of false imprisonment under Illinois law.

39. Ms. Ligay suffered extreme emotional distress because of her false imprisonment by CBP. Thus, CBP also committed the Illinois torts of intentional and negligent infliction of emotional distress.

## III. Replevin Against ICE and CBP for Return of Ms. Ligay's Passport.

40. ICE and CBP have been holding Ms. Ligay's passport since detaining her on February 6, 2018.

41. Ms. Ligay is legally entitled to travel internationally at this time, thus ICE and CBP have no legal authority to hold her passport.

## **Prayer for Relief**

WHEREFORE, plaintiff Elena Ligay requests that the Court do the following:

1. Declare the Defendants' actions to be unlawful and in violation of the Federal Tort Claims Act.

2. Find the Defendants liable to Ms. Ligay in the amount of $750,000 in compensatory damages.

3. Order the Defendants to return Ms. Ligay's passport to her.

4. Grant such further relief, including attorney fees and costs of this action, as may be just, lawful, and equitable.

Respectfully submitted,

s/Scott D. Pollock_____
Scott D. Pollock
Attorney for the Plaintiff

Scott D. Pollock
Christina J. Murdoch
Scott D. Pollock & Associates, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
Telephone: (312) 444-1940
Fax: (312) 444-1950
spollock@lawfirm1.com

8